# EXHIBIT 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No. 25-cv-05687-TLT  (SK) |
| Plaintiffs, | **ORDER REGARDING EXTRA-RECORD DISCOVERY AND DELIBERATIVE PROCESS PRIVILEGE** |
| v. | |
| KRISTI NOEM, et al., | Regarding Docket No. 95 |
| Defendants. | |

The parties have filed a joint discovery letter brief regarding (1) whether Defendants should be required to produce documents outside the administrative records, and (2) whether Defendants may properly withhold certain documents under the deliberative process privilege. (Dkt. No. 96.)

**A.    Expedited Extra-Record Discovery.**

On July 28, 2025, Defendants produced administrative records regarding their decisions to terminate the Temporary Protected Status ("TPS") designations for Honduras, Nicaragua, and Nepal.  (Dkt. Nos. 62-64.)  On August 6, 2025 and August 18, 2025, Plaintiffs served requests for production of documents ("RFPs") on Defendants.  (Dkt. No. 95-1 (Ex. A); Dkt. No. 95-2 (Ex. B).)  Defendants contend that they should not be required to respond to the RFPs because (1) the Ninth Circuit is currently reviewing whether judicial review of the TPS terminations is proper; and (2) extra-record discovery is rarely permitted in cases reviewing agency action.  (Dkt. No. 95.)  Plaintiffs' position is that extra-record discovery is available because they allege a claim for violation of the Equal Protection clause of the U.S. Constitution and because they have demonstrated bad faith, pretext, and unexplained inconsistency between agency actions, warranting extra-record discovery on their Administrative Procedure Act ("APA") claim.  (*Id.*) The parties also discuss the proper scope and timing of any extra-record discovery.

United States District Court
Northern District of California

### 1.    Discovery Pending Appeal.

On July 31, 2025, the District Judge granted Plaintiffs' motion to postpone the TPS termination for Nepal, Honduras, and Nicaragua ("Postponement Order"). (Dkt. No. 73.) The next day, Defendants appealed the Postponement Order to the Ninth Circuit and moved to stay litigation pending appeal. (Dkt. Nos. 74-75.) The District Judge denied the motion to stay pending appeal on August 8, 2025. (Dkt. No. 87.) The same day, Defendants filed a motion in the Ninth Circuit to stay district court proceedings. (25-4901, Dkt. No. 5.) On August 20, 2025, the Ninth Circuit denied Defendants' motion for a stay of proceedings in the district court, explaining that "[m]anagement of the docket is within the discretion of the district court." (Dkt. No. 96.)

In the discovery letter brief, filed before the Ninth Circuit issued its August 20, 2025 Order, (*id.*), Defendants argue that permitting discovery would be premature while the Ninth Circuit is reviewing their jurisdictional arguments. (Dkt. No. 95.) But now, both the District Judge and the Ninth Circuit have definitively rejected Defendants' efforts to pause this litigation. (Dkt. Nos. 87, 96.) And as the Ninth Circuit has made its determination on the appeal of the Postponement Order, (Dkt. No. 96), this case is no longer pending appeal. While the Ninth Circuit granted Defendants' motion to stay the Postponement Order, its decision to allow district court proceedings to continue is incongruous with Defendants' argument that the district court lacks jurisdiction over this matter. (*Id.*) Accordingly, Defendants' argument that discovery should be stayed is not viable.

In addition, Defendants' cited cases involve situations in which the district court improperly authorized discovery before the district court had assessed threshold issues. *In re United States*, 583 U.S. 29, 32 (2017) (per curiam); *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 899 (N.D. Cal. 2020). Here, the District Judge already assessed Defendants' threshold jurisdictional argument and rejected it. (Dkt. No. 73.)

In sum, Defendants have not demonstrated that a stay of discovery is warranted.

### 2.    Propriety of Extra-Record Discovery.

Plaintiffs bring claims for violations of the Administrative Procedure Act ("APA") and of the Equal Protection Guarantee of the Fifth Amendment. (Dkt. No. 1.) The Court assesses the

propriety of extra-record discovery for each type of claim in turn.

### i.    APA Claims.

Generally, courts reviewing agency action under the APA are limited to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2004).  However, there are several exceptions to this general rule, including "when plaintiffs make a showing of agency bad faith." *Id.* at 1030 (citation omitted).  For example, in *Department of Commerce v. New York*, 588 U.S. 752 (2019), the Supreme Court held that extra-record discovery was justified by evidence that the agency decision was pretextual.  *Id.* at 781-85.  There, the Court found that the decisionmaker's commitment to the outcome "from the time he entered office," and adoption of the stated rationale "late in the process," were indicative of pretext.  *Id.* at 782-83.

Here, Plaintiffs have made a similar showing of bad faith.  As the District Judge determined, Plaintiffs have shown that the TPS determinations "were based on a preordained determination to end the TPS program, rather than an objective review of the country conditions." (Dkt. No. 73, p. 21.)  Like the decisionmaker in *Department of Commerce* who was determined to make the decision from the time he entered office, 588 U.S. at 782-83, Secretary of Homeland Security Kristi Noem expressed her intention to alter the TPS program even before she took office during her confirmation hearing.  (Dkt. No. 73, pp. 21-22.)  The Secretary did not have the opportunity to review country conditions reports until later.  (*Id.*)  Further, the Secretary's numerous statements "stereotyping the TPS program and immigrants as invaders that are criminal" suggest her decisions were based on racism, not country conditions.  (*See id.* at p. 28.)

The Court concludes that this case falls within the "bad faith" exception to the general practice of prohibiting extra-record discovery in APA cases.  Extra-record discovery is warranted for Plaintiffs' APA claims.

### ii.    Equal Protection Claim.

Given that the APA's administrative record requirement does not bar discovery on Plaintiffs' APA claims, it should not bar discovery on Plaintiffs' constitutional claim.  Even if the APA's administrative record requirement did apply, "if plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record requirement does not govern the

3

availability of discovery." *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 895 (N.D. Cal. 2020) (citing *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019)).

While district courts have "struggled to coalesce around a categorical rule" regarding the propriety of extra-record discovery pertinent to a constitutional claim challenging agency action, courts in this Circuit typically permit discovery on constitutional claims where they diverge in some meaningful way from the APA claims. *Id.* at 896; *United Farm Workers v. Noem*, No. 1:25-CV-00246-JLT-CDB, 2025 WL 1490131, at *5 (E.D. Cal. May 23, 2025); *Yocom v. United States Citizenship & Immigr. Servs.*, No. 22CV0839 JO (BLM), 2025 WL 886957, at *3 (S.D. Cal. Mar. 21, 2025); *Olsen v. Becerra*, No. 2:21-CV-00326-SMJ, 2022 WL 4596664, at *1 (E.D. Wash. Aug. 11, 2022).

In a nearly identical action challenging the Secretary's TPS designations for Venezuela and Haiti, a different district judge in this District determined that the constitutional and APA claims did not fundamentally overlap. *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 1276229, at *4 (N.D. Cal. May 2, 2025). Further, Defendants do not argue that Plaintiffs' claims fundamentally overlap here. Moreover, as Plaintiffs point out, their constitutional claim is not amenable to adjudication based exclusively on the administrative record because "racial animus has no place in agency decisionmaking." (Dkt. No. 95.); *See also Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 140 (D. Md. 2019) ("evaluating whether an official act was motivated by animus cannot be determined solely by examining the administrative record"). Accordingly, extra-record discovery is also warranted for Plaintiffs' constitutional claim.

**3.    Scope and Schedule of Extra-Record Discovery.**

Defendants request an opportunity to object to Plaintiffs' RFPs in the event extra-record discovery is allowed. (Dkt. No. 95.) Given that extra-record discovery will move forward, the Court GRANTS Defendants' request to further brief the scope of the specific RFPs. However, given the expedited briefing schedule and the harms befalling TPS holders during the pendency of this litigation, time is of the essence. This time sensitivity is heightened by the Ninth Circuit's recent decision to stay the Postponement Order (Dkt. No. 96), leaving affected TPS holders without any interim relief. Accordingly, the parties shall meet and confer regarding the RFPs and

United States District Court
Northern District of California

file a status report or discovery letter brief with the Undersigned no later than August 28, 2025. If the parties reach agreement regarding the RFPs, they shall file a status report informing the Undersigned that the dispute has resolved. If the parties do not reach agreement, they shall file a joint discovery letter brief explaining the disagreement.

By way of guidance, the Undersigned notes that it is inclined to authorize discovery in line with its prior practice in *National TPS Alliance v. Noem*, No. 25-CV-01766-EMC. If the parties believe departure from prior practice is warranted in this matter, they shall explain the reasons for such departure in any discovery letter brief.

Plaintiffs request the Undersigned shorten the deadline for the production of documents to 14 days. (Dkt. No. 95.) Defendants do not comment on this request. (*Id.*) Good cause exists to expedite discovery—these proceedings are time sensitive, and the District Judge has already determined that Plaintiffs will likely succeed on the merits. (Dkt. No. 73.) Accordingly, Defendants will be required to produce responsive documents within 14 days of either (1) the parties' filing of a status report indicating agreement on the RFPs, or (2) if the parties do not reach agreement, the Undersigned's Order resolving any discovery dispute on the RFPs. Defendants are thus advised to prepare for prompt document production.

## B.    Deliberative Process Privilege.

Defendants withheld documents from the administrative records pursuant to the deliberative process privilege. The only withheld documents specifically discussed are decision memoranda prepared by U.S. Citizenship and Immigration Services ("USCIS"), (Dkt. Nos. 77-2, 78-2, 79-2,); it is unclear whether other documents were withheld pursuant to the deliberative process privilege.

In *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1048 (2025), the Ninth Circuit held that "deliberative materials are generally not part of the [administrative record] *absent impropriety or bad faith by the agency*." *Id.* at 444 (emphasis added). In reaching this holding, the court turned to two "well-settled principles." *Id.* First, the court cited the "presumption of regularity," meaning that "barring 'clear evidence to the contrary,' [courts] 'presume that an agency properly designated the Administrative Record.'" *Id.*

at 445 (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)).  Second, the court explained that "[d]eliberative documents, which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant" to a court's analysis of "the lawfulness of agency action based on the reasons offered by the agency." *Id.*  Applying these principles, the court held that the district court had not erred in declining to order production of a privilege log where the plaintiff "does not assert any misconduct by the [the agency], nor does it contend that specific documents were improperly classified as deliberative." *Id.*

*Jeffries* does not control the case at bar.  Unlike *Jeffries*, Plaintiffs have presented evidence of both improper classification of documents as deliberative and misconduct by the agency decisionmakers.

As to *Jeffries*' first principle, the "presumption of regularity" does not apply.  *Id.* at 445 (citation omitted).  Plaintiffs suggest that the decision memoranda are not deliberative because they reflect USCIS's final decision.  (Dkt. No. 95.)  *Jeffries* recognized that "'a showing of bad faith or improper behavior' might justify production of a privilege log to allow the district to determine whether excluded documents are actually deliberative."  99 F.4th at 445.

*Jeffries*' second principle—that deliberative documents are not relevant to the analysis of "the lawfulness of agency action based on the reasons offered by the agency"—does not apply where, as here, plaintiffs have demonstrated that the reasons offered by the agency are pretextual. (*See generally* Dkt. No. 73.); *see also In re United States*, 875 F.3d 1200, 1211-12 (9th Cir. 2017) (Watford, J., dissenting) ("[D]ocuments reflecting an agency's internal deliberations may on occasion be made part of the record, but only if the challengers make 'a strong showing of bad faith or improper behavior' on the part of agency decision-makers." (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977))), *vacated*, 583 U.S. 29 (2017).

In conclusion, it is likely that the decision memoranda were improperly categorized as deliberative, or that even if the decision memoranda are deliberative, they should be produced due to Defendants' impropriety.  However, the Undersigned does not have sufficient information to determine whether the decision memoranda are predecisional and deliberative, or whether

Plaintiffs' need for the materials overrides Defendants' interest in non-disclosure. *See FTC v. Warner Comm'n, Inc.*, 742 F.2d 1156, 1161-62 (9th Cir. 1984). Accordingly, Defendants are ORDERED to produce by August 28, 2025: (1) a privilege log for all documents withheld from the administrative record on the basis of the deliberative process privilege, and (2) the withheld documents for *in camera* review by email to skpo@cand.uscourts.gov.

Defendants contend that Plaintiffs are seeking "an order categorically overruling" the deliberative process privilege. (Dkt. No. 95.) However, Plaintiffs specifically request an order to produce documents "*currently* withheld or redacted solely based on [the deliberative process privilege]." (*Id.* (emphasis added).) The parties should not interpret this Order as a ruling on any documents that may be withheld *in the future* pursuant to the deliberative process privilege. Nevertheless, should the parties file additional discovery letter briefs on the deliberative process privilege in the future, the parties should discuss why departure from prior practice in *National TPS Alliance v. Noem*, No. 25-CV-01766-EMC is warranted.

## CONCLUSION

In sum, Plaintiffs' request for extra-record discovery is GRANTED, but the parties must meet and confer regarding the scope of such discovery. The parties SHALL file either a status report or joint discovery letter brief regarding the scope of discovery on or before August 28, 2025. By that date, Defendants SHALL also produce the documents currently withheld pursuant to the deliberative process privilege for *in camera review,* as well as an accompanying privilege log. Defendants' deadlines to produce responsive documents are further articulated in this Order.

**IT IS SO ORDERED**.

Dated: August 21, 2025

_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

7