UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AFRICAN COMMUNITIES TOGETHER, et al.,

Plaintiffs,

v.

KRISTI L. NOEM, *in her official capacity as Secretary of Homeland Security*, et al.,

Defendants.

Case No. 26-cv-10278-BEM

## DEFENDANTS' MOTION TO LIFT ABEYANCE AND ISSUE INDICATIVE RULING OR STAY PENDING APPEAL

This case was held in abeyance pending the Supreme Court's ruling in two consolidated cases involving the same statutory review bar, 8 U.S.C. § 1254a(b)(5)(A), and the same type of challenged government action—namely, the termination of a country's Temporary Protected Status ("TPS") designation—at issue in this case. The Supreme Court has now issued that ruling, which clearly and conclusively holds, among other things, that § 1254a(b)(5)(A) "applies to all non-constitutional claims." *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 at *10. (U.S. June 25, 2026). Having received this decision, there is no longer any sound basis or plausible need to keep holding this matter in abeyance and delaying resolution of the case. Moreover, the Supreme Court's ruling unequivocally rejects this Court's interpretation of § 1254a(b)(5)(A), an essential predicate for the § 705 order (which rests solely on non-constitutional claims) that is now on appeal before the First Circuit. Thus, to promote the efficient litigation of this matter, adhere to the Supreme Court's recent decision, and for the reasons further explained below, the Court should lift the abeyance forthwith and issue an indicative ruling stating that it would dissolve the § 705

order if the First Circuit were to remand for that purpose or, alternatively and at minimum, stay the § 705 order pending resolution of the motion for an indicative ruling and the pending appeal.

## BACKGROUND

On April 8, 2026, the Court issued an order pursuant to 5 U.S.C. § 705 postponing the Secretary of Homeland Security's termination of Ethiopia's TPS designation. Doc. No. 56. The Court did so based on its conclusion that Plaintiffs were likely to succeed on the merits of two of their claims under the Administrative Procedure Act (APA). *Id.* at 14-25. As a necessary predicate for that conclusion, the Court concluded that the TPS statute's judicial review bar, 8 U.S.C. § 1254a(b)(5)(A), did not preclude its review of certain aspects of Plaintiffs' APA claims. *Id.* at 8-14. Specifically, the Court concluded that § 1254a(b)(5)(A) "does not preclude the Court from evaluating, at minimum, whether the Secretary followed proper process in reaching her determination." *Id.* at 9.

On April 17, 2026, the parties jointly moved to hold this case in abeyance "pending the Supreme Court's forthcoming decisions in two cases challenging the terminations of [TPS] for Syria and Haiti." Doc. No. 60; *see Mullin v. Doe*, No. 25–1083, and *Trump v. Miot*, No. 25–1084. The parties explained that those cases "involve the same statutory scheme" and that the Supreme Court's decision could therefore "narrow the issues in [this] case and assist in the determination of the question of law involved." Doc. No. 60 at 3 (citation omitted). Accordingly, on April 20, 2026, the Court ordered that "[t]hese proceedings will be held in abeyance pending the Supreme Court's ruling in" *Mullin v. Doe*, No. 25–1083, and *Trump v. Miot*, No. 25–1084, "and the time for any motion for rehearing has expired." Doc. No. 61.

On June 25, 2026, the Supreme Court issued its decision in those consolidated cases. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026). As directly relevant for

present purposes, the Supreme Court held, among other things, that "the TPS statute's judicial-review bar," 8 U.S.C. § 1254a(b)(5)(A), "applies to all non-constitutional claims." *Id.* at *10. The Supreme Court specifically rejected the argument "that § 1254a(b)(5)(A) applies only to substantive claims, not those based on alleged procedural errors." *Id.* at *8. It similarly rejected the argument that § 1254a(b)(5)(A) applies to "only the Secretary's ultimate 'determination'—not any subsidiary decision, such as whether to consult other agencies." *Id.* at *10.

## ARGUMENT

The Court should lift the abeyance and promptly grant relief from its § 705 postponement order.

**1.** The Court should lift the abeyance forthwith. Although this Court's abeyance order stayed these proceedings pending "the Supreme Court's ruling in" *Doe* and *Miot*, "and the time for any motion for rehearing has expired," Doc. No. 61, "[i]n no event does such an order bar a party from" seeking to lift an abeyance "upon an appropriate application." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (citation omitted).[1] Similarly, just as a district court has "inherent" authority to stay its own proceedings, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), it likewise "retains the authority" to lift the stay "if the circumstances that sparked the [stay] abate." *Lehman*, 166 F.3d at 392; *see also Green v. Cosby*, 177 F. Supp. 3d 673, 681 (D. Mass. 2016) ("the court retains the ability to modify or dissolve the stay"). Here, the circumstances that warranted the abeyance—i.e., waiting for guidance from the Supreme Court—have abated

---

[1] Although *Lehman* addressed an order administratively closing a case, "administratively closing a case 'is the functional equivalent of a stay.'" *Psara Energy, Ltd. v. Advantage Arrow Shipping, LLC*, 946 F.3d 803, 807 (5th Cir. 2020) (citation omitted).

now that the Supreme Court has issued a clear and conclusive decision in *Doe* and *Miot*.  Because there is no persuasive reason to wait any longer, the Court should lift the abeyance.

**2.** Once the Court lifts the abeyance, Defendants respectfully request that it grant relief from the order postponing the termination of Ethiopia's TPS designation. In particular, the Court should issue an indicative ruling stating that if the U.S. Court of Appeals for the First Circuit were to remand *African Communities Together v. Mullin*, No. 26-1376, this Court would enter an order vacating the April 8, 2026 Order entered by this Court pursuant to 5 U.S.C. § 705.  The Court should also stay its order pending resolution of that motion, and pending appeal, no later than July 13, 2026.  At that time, the government plans to seek relief from the Court of Appeals.

**a.** The Court should issue the requested indicative ruling because the Court presently lacks jurisdiction to dissolve its § 705 postponement order, but that order rests on a ground the Supreme Court has now rejected.

This Court presently lacks jurisdiction to vacate the § 705 order on appeal in the First Circuit.  Federal Rule of Civil Procedure 62.1, however, provides that, "[i]f a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may" state that "it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3).  At that point, the court of appeals "may remand" the matter "for further proceedings" consistent with the district court's indicative ruling.  Fed. R. App. P. 12.1(b).  "This procedure makes much practical sense" and "provides an efficient means of resolving an issue on appeal that the district court is willing to render moot." *United States v. Maldonado-Rios*, 790 F.3d 62, 65 (1st Cir. 2015).[2]

---

[2] In the event that the Court construes Rule 62.1 as requiring the movant, before obtaining an indicative ruling, to separately seek the relief that the Court presently lacks jurisdiction to grant,

The Court should dissolve the § 705 stay if the First Circuit were to remand for consideration of that relief. "A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). And "in the ordinary case," "whether to dissolve a preliminary injunction . . . depend[s] on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994). "The sine qua non of" the preliminary-injunction inquiry "is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).[3]

The Supreme Court's decision in *Doe* and *Miot* has clearly and conclusively established that Plaintiffs are unlikely to succeed on the two non-constitutional claims underpinning this Court's § 705 order. This Court's order necessarily depended on its conclusion that § 1254a(b)(5)(A) applies only to "the substantive decision to designate a country for TPS", not the Secretary's compliance with "procedural requirements." Doc. No. 56 at 10. The Supreme Court, however, held that § 1254a(b)(5)(A) "applies to all non-constitutional claims" and specifically rejected the theory "that § 1254a(b)(5)(A) applies only to substantive claims, not those based on alleged procedural errors." *Doe*, 2026 WL 1825840 at *8-10. The Supreme Court's decision makes clear that § 1254a(b)(5)(A) bars this Court's review of Plaintiffs' APA claims alleging that

---

Defendants respectfully request that the Court additionally treat this motion as a motion to vacate the Court's § 705 order.

[3] The Court previously agreed that, "[t]he same standard that governs the issuance of a stay under § 705 is the standard that governs the issuance of a preliminary injunction." Doc. No. 56 at 7.

the termination of Ethiopia's TPS designation was arbitrary and capricious and contrary to law. Plaintiffs are therefore unlikely to succeed on those claims, and the Court should accordingly issue a ruling indicating that it would vacate its § 705 order if the First Circuit were to remand the pending appeal for that purpose.

**b.** It is also now clear that the Court should promptly stay its § 705 postponement pending appeal and pending resolution of this motion for an indicative ruling.  The government respectfully requests that the Court stay its order by July 13, 2026, after which date the government will treat its request for a stay pending appeal as constructively denied and seek relief in the Court of Appeals.  A court should grant a stay pending appeal when the movant is likely to succeed on the merits of the appeal, the movant will face irreparable injury absent a stay, and the balance of equities and the public interest support a stay.  *See Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

As explained above, the Court's § 705 order rested on its conclusion that Plaintiffs were likely to succeed on two of their APA claims alleging that the termination of Ethiopia's TPS designation was arbitrary and capricious and contrary to law.  To reach that result, the Court also concluded that the TPS statute's judicial-review bar did not apply to these two claims.  But the Supreme Court has now categorically held that "the TPS statute's judicial-review bar applies to all non-constitutional claims."  *Doe*, 2026 WL 1825840 at *10.  And it has specifically rejected the precise reasoning adopted by this Court in finding that the TPS statute's judicial-review bar did not apply.  Defendants are therefore certain to succeed on appeal.  Moreover, because the Supreme Court's ruling makes clear that this Court's § 705 order improperly restrains the government from enforcing the TPS statute, it necessarily demonstrates that government—and thus the public— would suffer irreparable harm absent a stay.  *See Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025). Plaintiffs, by contrast, cannot establish that they would suffer irreparable harm as a result of staying

6

an order that the Court lacked authority to issue and that now clearly conflicts with Supreme Court precedent.

**CONCLUSION**

For the foregoing reasons, the Court should lift the abeyance, enter an indicative ruling that it would dissolve the § 705 postponement order if the First Circuit were to remand, and, by July 13, 2026, enter a stay of the § 705 postponement order.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated:  June 29, 2026                    By:    */s/ Nicole M. O'Connor*
                                                NICOLE M. O'CONNOR
                                                Assistant United States Attorney
                                                U.S. Attorney's Office
                                                1 Courthouse Way, Ste. 9200
                                                Boston, MA 02210
                                                (617) 748-3112
                                                Nicole.o'connor@usdoj.gov

**LOCAL RULE 7.1 CERTIFICATION**

I certify that I conferred with counsel for Plaintiffs, who oppose this motion.

*/s/ Nicole M. O'Connor*
NICOLE M. O'CONNOR
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Nicole M. O'Connor
NICOLE M. O'CONNOR
Assistant U.S. Attorney

8