IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; SAMUEL DOE; STEPHEN DOE; and ABAL DOE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Civil Action No. 1:26-cv-10278-BEM |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice to apprise the Court of supplemental authority in support of Plaintiffs' Emergency Motion for Administrative Stay.  (ECF 79).  Plaintiffs draw the Court's attention to the July 23, 2026 order granting an administrative stay of South Sudan's TPS termination in *African Communities Together v. Mullin*, No. 25-13939-PBS (D. Mass.) ("*ACT I*") (ECF 106) (attached as Exhibit 1) ("Order").  That Order was issued in response to a materially identical motion to the motion Plaintiffs filed yesterday in this Court.  *Compare* ECF 79, *with* Emergency Mot. for Admin. Stay, *ACT I* (July 22, 2026) (ECF 105).

The procedural posture of *ACT I* resembles the procedural posture here.  In that case, Judge Saris had issued a postponement of the South Sudan TPS Termination, and the government appealed.  *See African Cmtys. Together v. Mullin*, No. 26-1254 (1st Cir.).  After the United States Supreme Court issued its decision in *Mullin v. Doe*, 609 U.S. ----, 2026 WL 1825840 (June 25,

1

2026), the government asked the First Circuit to summarily reverse the postponement, Mot. for Stay & Summ. Reversal, *African Cmtys. Together v. Mullin*, No. 26-1254 (1st Cir. July 15, 2026). Meanwhile, the plaintiffs in that case filed an amended complaint that presented new claims in the District Court and also sought a renewed postponement.  *See* Mot. for Postponement & Admin. Stay, *African Cmtys. Together v. Mullin*, No. 25-13939-PBS (D. Mass. July 13, 2026) (ECF 96). After the government moved for summary reversal and a stay in the First Circuit, the South Sudan plaintiffs moved yesterday for an emergency administrative stay.  Emergency Mot. for Admin. Stay, *ACT I* (July 22, 2026) (ECF 105).  Judge Saris granted that motion today and issued an administrative stay "[t]o preserve the status quo . . . pending resolution of Plaintiffs' motion to amend and renewed motion for postponement."  Order at 1.  The stay is "effective immediately upon receipt . . . of the First Circuit's mandate in" the government's appeal.  *Id.*

Plaintiffs respectfully submit that the same approach is warranted here to preserve the status quo and avoid irreparable harm.  The need for an administrative stay is particularly urgent given the current state of proceedings in First Circuit, where the government's motion for summary reversal of this Court's existing postponement order, ECF 56, has now been fully briefed in accordance with the same timeline as the South Sudan appeal.  In short, the First Circuit may rule and issue its mandate at any time.  If the termination of Ethiopia's TPS designation goes into effect—even temporarily—thousands of people will suffer immediate and irreparable harm before Plaintiffs have an opportunity to be heard on their new claims.  *See* ECF 71, 73.  An administrative stay is necessary to avoid that harm and preserve Plaintiffs' opportunity to press their new claims.

Dated: July 23, 2026

Respectfully Submitted,

*/s/ Joy Chen*
Joy Chen (BBO No. 714192)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110-2627
(617) 603-8821
JChen@cov.com

*/s/ Paul Killebrew*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice*)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Sarah Leadem*
Sarah Leadem (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
SLeadem@cov.com

*/s/ Nargis Aslami*
Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice*)
Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org

3

Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*
Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Counsel for Plaintiffs African Communities Together, Samuel Doe, Stephen Doe, Abal Doe, and the Proposed Class*

4

# EXHIBIT 1

APPEAL

## United States District Court
### District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:25−cv−13939−PBS

African Communities Together et al v. Noem et al
Assigned to: District Judge Patti B. Saris
Case in other court:  USCA − First Circuit, 26−01254
Cause: 05:551 Administrative Procedure Act

Date Filed: 12/22/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2026 | 106 | District Judge Patti B. Saris: ELECTRONIC ORDER entered re 104 Emergency Motion to Stay by African Communities Together, David Doe, Jacob Doe, Mary Doe, Peter Doe.<br><br>Plaintiffs have moved for an administrative stay pending resolution of their motion to amend their complaint and renewed motion for postponement. As previously noted by this Court, a court "may issue an administrative stay 'in an exercise of its docket−management authority.' Administrative stays are not a reflection of the merits, but instead allow the court time to consider the merits of a case that cannot be successfully or appropriately evaluated in haste." Dkt. 37 at 3 (citation omitted) (quoting United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring)).<br><br>After review, the Court **ALLOWS** Plaintiffs' motion for an administrative stay (Dkt. 104 ) as follows. To preserve the status quo, the effective date of the decision issued on November 6, 2025, and published at 90 Fed. Reg. 50484, to terminate the designation of Temporary Protected Status for South Sudan (the "Termination") will be **STAYED**, subject to further order of this Court or higher courts, pending resolution of Plaintiffs' motion to amend and renewed motion for postponement. During the period of the stay of the Termination, the Termination shall be null, void, and of no legal effect. This Order is effective immediately upon this Court's receipt of the First Circuit's mandate in African Communities Together v. Mullin, No. 26−1254.<br><br>(CGK)<br><br>(Entered: 07/23/2026) |