**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; SAMUEL DOE; STEPHEN DOE; and ABAL DOE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Civil Action No. 1:26-cv-10278-BEM |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR RENEWED POSTPONEMENT MOTION**

Pursuant to Local Rule 7.1(b)(3), Plaintiffs respectfully move for leave to file a 10-page reply memorandum in support of their renewed postponement motion, *see* ECF 72, no later than August 3, 2026.  Defendants oppose the motion.

Plaintiffs have asserted new claims that, by Defendants' own admission, raise "complex issues of law" that warrant extended briefing.  *See* ECF 83 (Defs.' Mot. for Leave to File Oversized Mem. in Supp. of Mot. to Dismiss).  Further, the resolution of these claims carries important consequences not only for Plaintiffs, but for other Ethiopian holders of Temporary Protected Status ("TPS").  Under the circumstances, Plaintiffs submit that a promptly filed reply would assist the Court in its consideration of Plaintiffs' novel arguments.  Plaintiffs also reiterate their request for a hearing on their motion.

On July 13, 2026, Plaintiffs filed an amended complaint and a renewed postponement motion raising two new claims, one of which—an argument that the authority to terminate a TPS designation resides exclusively with the Attorney General—has never been addressed or even considered by any court. *See* ECF 71–73. On July 22, Plaintiffs filed an emergency motion for an administrative stay in order to preserve the *status quo* pending resolution of their postponement motion. *See* ECF 78–79. On July 24, this Court granted that motion, in part based on a recognition that Plaintiffs had raised "novel arguments" in their amended complaint. *See* ECF 82. Yesterday, on July 27, Defendants filed a 20-page opposition to Plaintiffs' postponement motion. ECF 84. In that paper, Defendants urged this Court to "immediately" issue a judgment in a "trivial period" of time without permitting a reply or scheduling a hearing. *See id.* at 2.

In Plaintiffs' view, that approach is not warranted. Instead, Plaintiffs request that this Court allow a prompt, 10-page reply to afford Plaintiffs an opportunity to respond to Defendants' arguments and to assist the Court as it addresses Plaintiffs' motion. The reply brief will "not be redundant of earlier briefs filed and [will] address[] only matters raised which were not reasonably foreseeable." *See* ECF 38. Allowing a reply makes sense here for several reasons.

*First*, as this Court has already recognized, Plaintiffs' claims and arguments are fundamentally "novel." *See* ECF 82. No court has ever considered, much less resolved, Plaintiffs' *ultra vires* claim that the authority to terminate a TPS designation resides exclusively in the Attorney General. And while multiple courts have recognized the existence of due process interests in the TPS context, no court has squarely addressed the claim that Plaintiffs present.

*Second*, as Defendants themselves acknowledged when seeking additional pages to brief their motion to dismiss, Plaintiffs' claims raise "complex issues of law" in a case that "involves a unique procedural history that spans two different courts, as well as an analysis of a recent Supreme

Court decision directly relevant to the instant litigation." ECF 83. Plaintiffs agree on all counts. Their *ultra vires* claim, for example, raises "complex issues of law" because it implicates questions of statutory interpretation in the context of an intricate statutory scheme with a long history. And Plaintiffs further agree that this Court will need to carefully consider the extent to which the Supreme Court's ruling in *Mullin* did—or did not—address Plaintiffs' new claims.

*Third*, the resolution of Plaintiffs' claims carries important consequences for Plaintiffs and for other Ethiopians with TPS. As Plaintiffs have detailed, they face imminent and severe irreparable harms should the TPS termination for Ethiopia go into effect. *See* ECF 73 at 19; ECF 79 at 6–8. That irreparable harm, at a minimum, counsels in favor of allowing adequate briefing on the claims Plaintiffs present for relief.

For the above reasons, Plaintiffs request that this Court grant leave to file a 10-page reply memorandum in support of their renewed postponement motion to be submitted no later than August 3, 2026. Plaintiffs also reiterate their request for a hearing on the motion.

Dated: July 28, 2026

Respectfully Submitted,

*/s/ Joy Chen*
Joy Chen (BBO No. 714192)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110-2627
(617) 603-8821
JChen@cov.com

*/s/ Paul Killebrew*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice*)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter

850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Sarah Leadem*
Sarah Leadem (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
SLeadem@cov.com

*/s/ Nargis Aslami*
Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice*)
Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org
Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*
Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Counsel for Plaintiffs African Communities Together, Samuel Doe, Stephen Doe, Abal Doe, and the Proposed Class*

4

## CERTIFICATE REGARDING LOCAL RULE 7.1

Pursuant to Local Rule 7.1, I hereby certify that on July 28, 2026, I conferred with counsel for Defendants on the relief requested in the foregoing Motion and attempted in good faith to resolve or narrow the issues.  Defendants oppose the requested relief.  I certify that this Motion and all supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Paul Killebrew*
Paul Killebrew

5