**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; SAMUEL DOE; STEPHEN DOE; and ABAL DOE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Civil Action No. 1:26-cv-10278-BEM |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice of Supplemental Authority to apprise the Court of *African Communities Together v. Mullin*, No. 26-cv-11201-ADB (D. Mass. Aug. 14, 2026) (ECF 109) (hereinafter "*Somalia Op.*") (attached as Exhibit A).

*First*, the district court in the Somalia case found the *ultra vires* claim reviewable because the TPS statute's "judicial-review bar only applies to decisions by the statutorily authorized decision-maker." *Somalia Op.* 23–24. The court rejected the *ultra vires* claim on the merits "for the reasons articulated" in the South Sudan opinion, *id.* at 24, but as Plaintiffs explained in their briefing and at Friday's hearing, that opinion is fundamentally flawed because—among multiple other errors—it relies heavily on "practice" and ignores the numerous examples of non-EOIR

authorities in the INA that (like TPS termination authority) *remain* vested in the Attorney General to this day. *See* ECF 100 at 10–12, 14–15.[1]

*Second*, the district court in the Somalia case concluded that it could "exercise jurisdiction over Plaintiffs' constitutional claims," including their procedural due process and equal protection claims. *Somalia Op.* 10–12 & n.10.[2] But in addressing the merits of the procedural due process claim, the court found that TPS terminations do not implicate a property interest because they are "discretionary," *Somalia Op.* 14–15, ignoring that TPS extensions are automatic and that terminations are subject to statutory criteria, ECF 100 at 17. The court also concluded that removal proceedings afforded sufficient process, ignoring their inadequacies. *See id.* at 21.

*Finally*, on the equal protection claim, the district court found there was a "strong case for why the at-issue statements were racist," *Somalia Op.* 19, but ultimately saw no "path to concluding that Plaintiffs will succeed on the merits" following *Mullin*. *Id.*; *contra* ECF 100 at 25–26. Here, Plaintiffs have plausibly alleged a discriminatory purpose not only based on statements, but on departures from past practices, ECF 71 ¶¶ 63–100, pretextual decisionmaking, ECF 56 at 18–25, and disparate treatment, *see, e.g.*, ECF 71 ¶¶ 170–173. Plaintiffs are thus entitled to discovery on their equal protection claims, *see* ECF 100 at 22–25, an issue that was not before the district court in the Somalia case where no motion to dismiss was addressed.

[1] Defendants implicitly recognize that these provisions cannot be ignored. At Friday's hearing, faced with these examples of non-EOIR Attorney General authorities, Defendants *abandoned* their EOIR-only theory (as they previously had done in the South Sudan and Somalia cases), and claimed that section 1103(g) is merely an "example" of the powers reserved to the Attorney General by section 1103(a). But if that is the case, Plaintiffs win because TPS termination authority is *another* such "example."

[2] The court concluded that APA claims that rested on an underlying constitutional violation were not reviewable under *Mullin*. *Somalia Op.* 23. Defendants have not raised that contention here, and it is incorrect because a procedural due process claim brought under 5 U.S.C. § 706(2)(B) is clearly still a constitutional claim in substance, just as it would be if brought under 42 U.S.C. § 1983.

Dated: August 17, 2026

Respectfully Submitted,

*/s/ Paul Killebrew*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice*)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Joy Chen*
Joy Chen (BBO No. 714192)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110-2627
(617) 603-8821
JChen@cov.com

*/s/ Sarah Leadem*
Sarah Leadem (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
SLeadem@cov.com

*/s/ Nargis Aslami*
Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice*)
Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org

Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*
Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Counsel for Plaintiffs African Communities Together, Samuel Doe, Stephen Doe, Abal Doe, and the Proposed Class*