**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; SAMUEL DOE; STEPHEN DOE; and ABAL DOE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | **PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT AS TO COUNTS VI, VII, AND VIII PURSUANT TO RULE 54(b) AND REQUEST FOR EXPEDITED RESPONSE**<br><br>Civil Action No. 1:26-cv-10278-BEM |

Plaintiffs African Communities Together, Samuel Doe, Stephen Doe, and Abal Doe, on behalf of themselves and all others similarly situated, hereby move for entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) on Counts VI, VII, and VIII of Plaintiffs' Amended Complaint. Counts VI and VII allege that the termination of Ethiopia's Temporary Protected Status ("TPS") designation violated Plaintiffs' procedural due process rights under the Fifth Amendment of the U.S. Constitution. Count VIII alleges that the Secretary of Homeland Security acted *ultra vires* in terminating Ethiopia's TPS designation because that authority is held by the Attorney General. On August 18, 2026, the Court dismissed Counts VI, VII, and VIII, among others. ECF 103 at 6–12. In that same Order, the Court denied Defendants' motion to dismiss only as to Count V, which alleges that the TPS termination was motivated by racial or national origin animus in violation of the Fifth Amendment's Equal Protection Clause. *Id.* at 12–13.

Plaintiffs ask this Court to enter partial final judgment under Rule 54(b) on Counts VI, VII, and VIII for the reasons set forth in the accompanying memorandum of law. A proposed order, which undertakes the individualized assessment required by the First Circuit, *see Quinn v. City of Bos.*, 325 F.3d 18, 26 (1st Cir. 2003), is filed hereto as Exhibit 1.

Further, because more than two weeks have elapsed since the Court's August 18, 2026 Order while Plaintiffs attempted to confer with Defendants regarding Rule 54(b) relief—and were asked to wait more than ten days before Defendants were willing to provide their position—Plaintiffs respectfully request that the Court direct Defendants to respond within seven days so that, if the Court determines that Rule 54(b) relief is warranted, it can provide meaningful relief without further delay.

Dated: September 3, 2026

Respectfully Submitted,

*/s/ Paul Killebrew*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice*)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Joy Chen*
Joy Chen (BBO No. 714192)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110-2627

(617) 603-8821
JChen@cov.com

*/s/ Sarah Leadem*
Sarah Leadem (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
SLeadem@cov.com

*/s/ Nargis Aslami*
Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice*)
Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org
Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Eric Crew*
Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Counsel for Plaintiffs African Communities Together, Samuel Doe, Stephen Doe, Abal Doe, and the Proposed Class*

**CERTIFICATE REGARDING LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for the Defendants on the relief requested in the foregoing Motion and attempted in good faith to resolve or narrow the issues. Defendants oppose the Motion and the request for an expedited response.

/s/ *Paul Killebrew*
Paul Killebrew

**CERTIFICATE OF SERVICE**

I certify that this Motion and all supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Paul Killebrew*
Paul Killebrew

Dated: September 3, 2026