UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AFRICAN COMMUNITIES TOGETHER, et al.,

Plaintiffs,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*, et al.,

Defendants.

Case No. 26-cv-10278-BEM

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

Plaintiffs brought this action to challenge the decision of defendant U.S. Secretary of Homeland Security ("Secretary") to terminate Ethiopia's Temporary Protected Status ("TPS") designation. Defendants respectfully submit this opposition to Plaintiffs' motion for entry of partial final judgment as to Counts VI, VII, and VIII of the amended complaint. *See* Doc. No. 111.

**BACKGROUND**

On August 18, 2026, this Court allowed Defendants' motion to dismiss as to Counts IV, VI, VII, and VIII of the amended complaint. Plaintiffs note that they waited more than ten days for Defendants' position regarding Rule 54(b) relief. Several Assistant U.S. Attorneys have left the office recently, including the AUSA who was responsible for this matter until August 21, and therefore Defendants' response to Plaintiffs took longer than it ordinarily would.

**ARGUMENT**

Piecemeal appeals are disfavored, and Rule 54(b) should be employed with circumspections. *See, e.g., Ford v. Bender,* Civil Action No. 07-11457-JGD, 2010 WL 716012, at

*1 (D. Mass. Feb. 22, 2010), citing *Figueroa v. J.S. Penney Puerto Rico Inc.,* 568 F.3d 313, 318 n.3 (1st Cir. 2009).

As Plaintiffs correctly state, the First Circuit employs a two-step framework for Rule 54(b) motions: (1) the ruling proposed for Rule 54(b) judgment must be "final," and (2) there must be "no just reason for delay" in entering judgment. *See, e.g., Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576 (1st Cir. 1994).

Defendants agree that this Court's dismissal of the procedural due process claims and the *ultra vires* claims are final for purposes of the first step.

Defendants do not, however, agree that Plaintiffs satisfy the second stop. First, while the legal claims are different, there is meaningful factual overlap between the procedural due process claims and the remaining equal protection claim. For example, the amended complaint alleges that "[t]he TPS statute requires [the Secretary] to consider objective and available evidence of country conditions during her periodic review of TPS designation for Ethiopia. [Cites omitted]. She did not do so." Doc. No. 71, ¶ 66. "Within days of taking office, [the Secretary] began improperly terminating TPS designations, following the same procedurally improper playbook that was eventually used to terminate Ethiopia's TPS designation." *Id.* ¶ 123. "Each of these terminations and the failure to consult with appropriate agencies demonstrates that the Trump Administration's aim of eviscerating access to TPS has been implemented through decision-making that was predetermined, pretextual, and procedurally deficient." *Id.* ¶ 129. "The Trump Administration's ongoing policy of eliminating access to TPS, carried out through the pretextual, politically influenced, and procedurally defective periodic reviews . . . all of which have culminated in termination decisions, is based on race, national origin, and ethnicity-based animus in violation of the Fifth Amendment to the U.S. Constitution." *Id.* ¶ 136. "Although the

Administration has relied on visa-overstay rates to justify immigration policy decisions such as terminating TPS for Ethiopia, objective data belies that rationale and reveals it to be pretextual." *Id.* ¶ 173. "Defendants' Termination was motivated by racial and/or national origin animus against African and other non-white or non-European immigrants, and their pattern of TPS cancellations described herein cannot be explained other than by reference to race and/or national origin." *Id.* ¶ 237. "Congress included procedural safeguards in the TPS statute in order to protect the liberty and property interests of TPS holders and thus conform with the requirements of the Due Process Clause." [Cites omitted]. *Id.* ¶ 251. "For example, 8 U.S.C. § 1254a provides that TPS status may be terminated only 'after consultation with appropriate agencies of the Government" [cite omitted] . . . [b]ut prior to the Termination, the Secretary did not meaningfully consult with appropriate federal agencies, as otherwise provided by the TPS statute. [Citing, inter alia, ¶¶ 64-65, 124-130]. *Id.* ¶¶ 253-254. "Plaintiffs have significant liberty and property interests, protected by the Due Process Clause, in a non-arbitrary decision as to the continuation of TPS for Ethiopia. . . . Defendants' termination of TPS arbitrarily deprives Plaintiffs of the process to which they are entitled, as shown by, for example, the Administration's departure from and apparent disregard of the process for termination of TPS set forth in 8 U.S.C. § 1254a." *Id.* ¶¶ 261-262.

As is clear from the foregoing, Plaintiffs' due process and equal protection claims both depend to a significant extent on facts purportedly supporting their claims that the Secretary did not follow the rules for terminating TPS for Ethiopia. In the case of the equal protection claim, this purportedly supports Plaintiffs' claim that Defendants had some ulterior motive – racial and/or ethnic animus. In the case of the due process claims, evidence that Defendants did not follow the rules is purportedly evidence that they infringed on liberty and property interests of Plaintiffs. If the Rule 54(b) motion is allowed, two different panels would likely hear the appeals and immerse

themselves in the details of the termination when such would be necessary only once absent Rule 54(b) judgments.

In terms of equities, Plaintiffs maintain that their dismissed issues will likely not be heard in the First Circuit for a substantial period of time. That is true, but given, as argued below, that Plaintiffs are unlikely to prevail on appeal of the dismissed claims, the parties would likely be litigating Plaintiffs' equal protection claim to the end even if the Court were to grant their 54(b) motion.

Plaintiffs also maintain that the dismissed claims "concern the loss of TPS-related protections, including authorization to work in the United States and protections from removal." Doc. No. 111 at 8. Respectfully, however, given the Court's clear and cogent reasoning in dismissing these claims, Plaintiffs are very unlikely to reverse either of the dismissals on appeal. Courts have reached different conclusions regarding the propriety of considering a Rule 54(b) movant's likelihood of success on appeal. C*ompare, e.g., Parker v. Ahmsi Ins. Agency, Inc.,* No. 15-23840-CIV-MARTINEZ GOODMAN, 2021 WL 8565968, at *5 (S.D. Fla. July 8, 2021) ("Movant's prospects on appeal are not irrelevant to the Court's decision – they may not be dispositive, but they should be factored into whether certification runs counter to sound judicial administration of the case.") (cite and quote marks omitted) *with Seed Co. Ltd. v. Westerman,* Civil Case No. 08-355(RJL), 2019 WL 3222412, at *6 (D.D.C. July 17, 2019) (appraisal of futility of appeal in inappropriate). In this case the likelihood of success on an appeal is relevant to whether Plaintiffs have a realistic chance of prevailing if their Rule 54(b) motion is granted.

Plaintiffs also observe that if their Rule 54(b) motion is not allowed they will not be able to pursue appeals of their dismissed claims at the same time as virtually identical claims in other cases are being heard, and that the issues may be decided in the First Circuit while they are still

before this Court. *See* Doc. No. 111 at 9-9. As Plaintiffs recognize, some of the attorneys representing them are also representing the plaintiffs in *Afr. Cmtys. Together v. Mullin,* No. 25-CV-13939-PBS, 2026 WL 2274504 (D. Mass. Aug. 7, 2026), *appeal docketed* No. 16-1898; and *Afr. Cmtys. Together v. Mullin,* No. 26-CV-11201-ADB, 2026 WL 2364398 (D. Mass. Aug.14, 2026), *appeal docketed* No. 26-1930. Moreover, in arguing that Defendants will not be prejudiced by having to argue Plaintiffs' 54(b) judgments at the same time as these other two cases, Plaintiffs note that the other two cases "present[] substantially similar questions" as do Plaintiffs' issues. Doc. No. 111 at 9. Nor have Plaintiffs identified any arguments their counsel would make in Plaintiffs' behalf that counsel will not be making in the other two cases. Accordingly, there does not appear to be any realistic chance that the outcome of the appeals would be any different if Plaintiffs' appeals are accelerated.

Plaintiffs contend that "[a]ppellate review of all related cases within the same timeframe will provide the First Circuit with the fullest opportunity to consider the range of arguments and analyses presented below, thereby promoting the consistent and informed resolution of significant questions concerning the constitutional protections available to TPS beneficiaries and the TPS statute." Doc. No. 111 at 9-10. But it is not clear at this juncture how many panels will be involved in hearing these cases. It also is likely that counsel will be able to present the First Circuit with the full range of information necessary for its consideration of the issues.

Plaintiffs argue that public interest favors immediate review. Doc. No. 111 at 10. However, two cases involving these issues are already before the First Circuit, so the public is already getting the benefit such review.

## CONCLUSION

For the foregoing reason, Plaintiffs' Rule 54(b) motion should be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: September 14, 2026

By: */s/ Robert E. Richardson*
ROBERT E. RICHARDSON
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3247
robert.richardson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Robert E. Richardson*
ROBERT E. RICHARDSON
Assistant U.S. Attorney