**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AFRICAN COMMUNITIES TOGETHER, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-10278-BEM** |

**ORDER**

**MURPHY, J.**

On September 3, 2026, Plaintiffs moved for entry of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to Counts VI, VII, and VIII, in light of this Court's order granting in part Defendants' motion to dismiss. Dkt. 110; *see also* Dkt. 103. Defendants opposed the motion for entry of final judgment, Dkt. 114, and Plaintiffs filed a reply in support, Dkt. 119. On September 17, 2026, the Court granted Plaintiffs' motion and entered final judgment as to Count VI, VII, and VIII. Dkts. 120–21.

On September 18, 2026, Plaintiffs moved for clarification of the Court's September 17, 2026 Order and requested that the Court provide a particularized statement of reasons for why there is no just reason for delay of entry of final judgment. Dkt. 122. Defendants took no position as to Plaintiffs' request. The Court grants Plaintiffs' motion for clarification and will set forth

below a statement of its reasons for granting Plaintiffs' motion for entry of partial final judgment pursuant to Rule 54(b).[1]

1. On August 18, 2026, the Court granted Defendants' motion to dismiss as to Counts VI and VII (the procedural due process claims) and Count VIII (the ultra vires claim) of Plaintiffs' Amended Complaint. Dkt. 103. Dismissal constitutes final adjudication; nothing remains for the Court to resolve with respect to those claims.
2. The sole remaining claim is Count V, the equal protection claim. Dkt. 103.
3. The dismissed procedural due process and ultra vires claims are sufficiently separate and distinct from the remaining equal protection claim to permit immediate appellate review. The dismissed claims present primarily legal questions concerning the existence and scope of procedural due process protections available to Temporary Protected Status ("TPS") beneficiaries and the statutory authority of the Secretary of Homeland Security to terminate a TPS designation. The remaining equal protection claim, by contrast, will require factual development concerning alleged discriminatory intent with respect to the termination of Ethiopia's TPS designation.
4. Although certain factual allegations may be relevant to more than one claim, the Court finds that any overlap between these dismissed claims and the remaining claim is minimal and does not create a substantial risk of duplicative appellate review.
5. In addition, equitable considerations favor immediate review. Substantially similar procedural due process and ultra vires issues are currently pending before the in related

[1] "[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *Quinn v. City of Bos.*, 325 F.3d 18, 26 (1st Cir. 2003); *see also Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 44 n.5 (1st Cir. 1988) ("A party who seeks the special dispensation which Rule 54(b) envisions has an obligation, at the very least, to point out the requirement and to ask that the court, should it grant the request, make a brief but particularized statement of its reasons.").

TPS appeals. Immediate review will permit the First Circuit to consider these claims on a similar timeframe and with the benefit of this Court's reasoning and record, while avoiding the prospect that those legal questions will be resolved in other appeals before Plaintiffs have a meaningful opportunity to obtain appellate review of their own dismissed claims.

6. Having undertaken an individualized assessment of the relationship between the adjudicated and unadjudicated claims and the relevant equitable considerations, the Court expressly finds that there is no just reason for delay and that entry of partial final judgment pursuant to Rule 54(b) is warranted.

For the foregoing reasons, Plaintiffs' motion for clarification is GRANTED.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: September 21, 2026